## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

GREGORY BLAIS,                              *
     Plaintiff,                           *
                                          *
                                          *
v.                                         *
                                          *   Case No. _____
                                          *
BAYWAY ISLES – POINT                       *
BRITTANY THREE                             *
CORPORATION, INC.,                         *
a Florida Not For Profit                   *   **PERMANENT DECLARATORY AND**
Corporation,                               *   **INJUNCTIVE RELIEF REQUESTED**
     Defendant.                           *   **DEMAND FOR JURY TRIAL**
*******************************

## COMPLAINT FOR ACTUAL AND PUNITIVE DAMAGES AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## I. PRELIMINARY STATEMENT

1.   This is an action for damages, and for injunctive relief, for discrimination in housing on the basis of handicap.

2.   Plaintiff GREGORY BLAIS brings this action pursuant to 42 U.S.C. § 3601 et seq of the Fair Housing Act based upon his entitlement under § 3604(f)(2) and § 3604(f)(3)(B) to a "reasonable accommodation" of his § 3602(h) "handicap" and for damages for Defendant's refusal to reasonably accommodate his "handicap," as well as a claim for Defendant's

violation of 42 U.S.C. §3617.  He also brings this action pursuant §§ 760.20-760.37, Fla. Stat., and under Federal Rule of Civil Procedure Rule 58.

3.     Plaintiff, as will be more fully set forth below, alleges that Defendant, by, inter alia, refusing to adequately accommodate Plaintiff's "handicap" by towing Plaintiff's automobile, and by requiring the owner of the condominium in which Plaintiff had been residing to file an "unlawful detainer" action against Plaintiff which resulted in Plaintiff losing his permanent residence, discriminated against Plaintiff by failing to "reasonably accommodate" his § 3602(h) "handicap" and coerced, threatened or interfered with Plaintiff in the exercise and enjoyment of, or on account of his having exercised or enjoyed, rights granted Plaintiff under 42 U.S.C. §3604 and, by reason of such discrimination, violated 42 U.S.C. §§ 3604(f)(2),  3604(f)(3)(B),  and  3617  as  well  as  §§  760.23(8)(b), 760.23(9)(b), 760.23(2) and 760.37,  Fla. Stat.

## II. JURISDICTION

4.     Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 in that this is "federal question" jurisdiction comprising a civil action arising under the laws of the United States.

-- Page 2 of 30 --

5.    Jurisdiction is also conferred by 42 U.S.C. § 3613.

6.    Plaintiffs' claims for actual and punitive damages and for injunctive relief are authorized by 42 U.S.C. § 3613(c)(1).

### III. PARTIES

7.    Plaintiff GREGORY BLAIS (hereinafter "Plaintiff" or "Blais") is a natural person. At all times material hereto he has resided in Pinellas County, Florida.   At all times material hereto he qualified as a member of a protected class as defined by the Federal (42 U.S.C. § 3601 et seq) and Florida (§§ 760.20 – 760.37, Fla. Stat. (2020)) Fair Housing Acts.

8.    Defendant BAYWAY ISLES – POINT BRITTANY THREE CORPORATION, INC.  (hereinafter "Defendant" or "Bayway") is a Condominium "Association" (as that term is defined in §718.103(2), Fla. Stat.) located in Pinellas County, Florida. Defendant is an active and current corporate entity which operates and exists under the laws of Florida.  At all times material hereto Defendant has been subject to the provisions and requirements of the U.S. (42 U.S.C. § 3601 et seq) and Florida (Ch. 760, Part II, Fla. Stat.) Fair Housing Acts.

9.     At all times material hereto Defendant has operated as a "condominium association" with a "principal address" of 5055 Brittany Drive South, St. Petersburg, Pinellas County, Florida.

10.     Plaintiff at all times material hereto qualifies as a member of a protected class as defined by the Federal (42 USC § 3602(h) et seq) and Florida (§ 760.22 (3) Fla. Stat. (2020)) Fair Housing Acts as a person one or more of whose daily significant acts are impaired by one or more disabilities.

11.     Consistent with the foregoing, Plaintiff seeks actual and consequential damages, and punitive damages, for Defendant's failure and/or refusal to "reasonably accommodate" Plaintiff's § 3602(h) "handicap," and for Defendant's violations against Plaintiff based on 42 U.S.C. §3617 and §760.37, Fla. Stat., for having caused the damages to Plaintiff as alleged below.

12.     Plaintiff also seeks injunctive relief to allow Plaintiff to resume residency in the condominium owned by Plaintiff's brother, MATTHEW S. BLAIS, which Plaintiff's parents, ARTHUR BLAIS and PENELOPE BLAIS, currently reside in.

## IV.  STATUTORY  BACKGROUND

## (FAIR HOUSING ACT  "HANDICAP" DISCRIMINATION)

13.    The United States Fair Housing Act of 1968 ("Act" or "the Act"), as amended in 1988, 42 U.S.C. §§ 3601 - 3619, states at § 3601 the Act's "Declaration of Policy":

> It is the policy of the United States to provide, within constitutional limitations, for fair housing throughout the United States.

14.    Pertaining to Plaintiff's rights and Defendant's obligations herein, 42 U.S.C. § 3604(f) prohibits discrimination against persons with one or more "handicap", using the following language:

**§ 3604.     Discrimination in the sale or rental of housing and other prohibited practices**

As made applicable by section 3603 of this title and except as exempted by sections 3603 (b) and 3607 of this title, it shall be unlawful—

*     *     *

**(b)**     To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling unit, or in the provision of services or facilities in connection therewith, because of race color, religion, sex, familial status, or national origin.

**(f)**    [ special rights of handicapped persons ]

\*     \*     \*

    **(2)**    To discriminate against any person in the **terms, conditions, or privileges** of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a **handicap** of—

        **(A)**    that that buyer or renter,
        **(B)**    a person residing in or intending to reside in that dwelling after it is sold, rented or made available; or
        **(C)**    any person associated with that person.

\*     \*     \*

    **(3)**    For purposes of this subsection, **discrimination includes**—

\*     \*     \*

        **(B)**    a **refusal** to make **reasonable accommodations** in rules, policies, practices, or services, **when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling;**

Emphasis added.

**-- Page 6 of  30  --**

15.   "Handicap" for purposes of the Act and as it pertains to

Plaintiff herein is defined by 42 U.S.C. § 3602(h) as:

**§ 3602  Definitions.**    As used in this subchapter--

\*   \*   \*

(h)    **"Handicap"** means, with respect to a person--

(1)    a physical or mental impairment which
substantially limits one or more of such person's
major life activities,

(2)    a record of having such an impairment, **or**

(3)    being regarded as having such an impairment,

but such term does not include current, illegal use of or
addiction to a controlled substance (as defined in section
802 of Title 21).

Emphasis added.

16.   Other definitions in § 3602 that pertain to this lawsuit are

set forth as follows:

(b)    **"Dwelling"** means any building, structure, or portion
thereof which is occupied as, or designed or intended for
occupancy as, a residence by one or more families, and
any vacant land which is offered for sale or lease for the
construction or location thereon of any such building,
structure, or portion thereof.

**-- Page 7 of 30 --**

(c)     **"Family"** includes a single individual.

(d)     **"Person"** includes one or more individuals, corporations, partnerships, associations, labor organizations, legal representatives, mutual companies, joint-stock companies, trusts, unincorporated organizations, trustees, trustees in cases under Title 11, receivers, and fiduciaries.

(e)     **"To rent"** includes to lease, to sublease, to let and otherwise to grant for a consideration the right to occupy premises not owned by the occupant.

(f)     **"Discriminatory housing practice"** means an act that is unlawful under section 3604, 3605, 3606, or 3617 of this title.

\*     \*     \*

(I)     **"Aggrieved person"** includes any person who--

(1)     claims to have been injured by a discriminatory housing practice; or

(2)     believes that such person will be injured by a discriminatory housing practice that is about to occur.

\*     \*     \*

(o)     **"Prevailing party"** has the same meaning as such term has in section 1988 of this title.

17.     42 U.S.C. § 3617 provides that it is "unlawful to coerce, intimidate, threaten or interfere with any person in the exercise or enjoyment

**-- Page 8 of 30 --**

of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title."

   18. 42 U.S.C. § 3613 grants to aggrieved persons, such as Plaintiffs herein, the right to bring a civil action in the appropriate United States District Court in accordance with the following pertinent parts of said statute:

### § 3613   Enforcement by Private Persons

**(a)** **Civil action**

  (1) (A) An aggrieved person may commence a civil action in an appropriate United States district court . . . not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice . . . . to obtain appropriate relief with respect to such discriminatory housing practice or breach.

     (B) The computation of such 2-year period shall not include any time during which an administrative proceeding under this subchapter was pending with respect to a complaint or charge under this subchapter

based upon such discriminatory housing
practice. . . .

\*     \*     \*

**(c)**     **Relief which may be granted**

(1)     In a civil action under subsection (a) of this
section, if the court finds that a discriminatory
housing practice has occurred or is about to occur,
the court may award to the plaintiff actual and
punitive damages, and subject to subsection (d) of
this section, may grant as relief, as the court deems
appropriate, any permanent or temporary
injunction, temporary restraining order, or other
order (including an order enjoining the defendant
from engaging in such practice or ordering such
affirmative action as may be appropriate).

(2)     In a civil action under subsection (a) of this
section, the court, in its discretion, may allow the
prevailing party, other than the United States, a
reasonable attorney's fee and costs. The United
States shall be liable for such fees and costs to the
same extent as a private person.

\*     \*     \*

19.     §760.21 of the Florida "Fair Housing Act" (§§760.20 –

760.37, Fla. Stat.) states that "It is the policy of this state to provide, within

constitutional limitations, for fair housing throughout the state."

-- Page 10 of  30  --

20.     §760.22(3) defines "disability" to mean "[a] person has a physical or mental impairment which substantially limits one or more major life activities, or he or she has a record of having, or is regarded as having, such physical or mental impairments; or. . .  a person has a developmental disability as defined in s. 393.063."   §760.22(4) defines "discriminatory housing practice" to mean "an action that is unlawful under the terms of ss. 760.20 – 760.37." §760.22(5) defines "dwelling" as "any building or structure, or portion thereof, which is occupied as, or designed or intended for occupancy as, a residence by one or more families.  . . ". §760.22(7) defines "family" to include "a single individual."

21.     §760.23(1)  provides that "[i]t is unlawful to refuse to sell or rent after the making of a bona fide offer, to refuse to negotiate for the sale or rental of, or otherwise to make unavailable or deny a dwelling to any person because of race, color, national origin, sex, disability, familial status, or religion."

22.     §760.23(2) provides that "[i]t is unlawful to discriminate against any person in the terms, conditions or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith,

because of race, color, national origin, sex, disability, familial status, or religion."

23.     §760.23(7) prohibits discrimination in the sale or rental of, or to otherwise make unavailable or deny, a dwelling to any buyer because of a disability of that buyer or renter, a person residing in or intending to reside in that dwelling after it is sold, rented, or made available, or any person associated with the buyer or renter.

24.     §760.23(8) prohibits discrimination against any person in the terms, conditions or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a disability of that buyer or renter, a person residing in or intending to reside in that dwelling after it is sold, rented or made available, or any person associated with the buyer or renter.

25.     §760.23(9) indicates that for purposes of subsections (7) and (8), "discrimination" includes a refusal to permit, at the expense of the disabled person, reasonable modifications of existing premises occupied or to be occupied by such person if such modifications may be necessary to afford such person full enjoyment of the premises; or refusal to make

reasonable accommodations in rules, policies, practices or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling.

26.     §760.37 Fla. Stat. provides that "[i]t is unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise of, or an account of her or his having exercised, or on account of her or his having aided or encouraged any other person in the exercise of any right granted under ss. 760.20-760.37."

27.     §760.34(4) and §760.35 grant to aggrieved persons, such as Plaintiffs herein, the right to bring a civil action in the appropriate United States District Court and to the awarding of a "reasonable attorney's fee" and court costs if the court finds that a discriminatory housing practice has occurred.

28.     Pertaining to Plaintiff's rights and Defendant's obligations herein, the prohibitions delineated in 42 USC § 3604(f)(2)(B) and §3617 and § 760.23(8)(b), Fla. Stat. apply.

29.     Pertaining to Plaintiffs' rights and Defendants' responsibilities, the definitions delineated in Paragraph 21, 22 and 26 of this Complaint apply.

30.     Pertaining to Plaintiff's rights and Defendant's responsibilities, the "relief" and "enforcement actions" delineated in Paragraphs 18 and 27 of this Complaint apply.

## IV.  **FACTUAL ALLEGATIONS**

31.     In September 2014, Plaintiff began to reside in the condominium located at 5130 Brittany Drive South #806, St. Petersburg, Pinellas County, Florida.

32.     The subject condominium has at all times material been owned by Matthew S. Blais, who is Plaintiff's brother. Since approximately 2006, Plaintiff's and Matthew S. Blais' parents, Penelope Blais and Arthur Blais, have resided at the subject condominium.

33.     Plaintiff has physical, mental and/or psychological handicaps (or "disabilities") within the meaning of 42 U.S.C. §3602(h) and § 760.22(3), Fla. Stat.  Plaintiff's handicaps include, but are not limited to,

-- Page 14 of 30 --

undifferentiated inflammatory polyarthritis, Raynaud's phenomenon (a/k/a Raynaud's disease), carpal tunnel syndrome, hyperthyroidism, fibromyalgia, chronic obstructive pulmonary disease, degenerative disc disease, as well as chronic anxiety and depression, for which Plaintiff takes over half a dozen different prescription medications. These are medical conditions for which Plaintiff has sought and continues to seek medical care and treatment, and they are medical conditions which are bona-fide disabilities within the meaning of the U.S. and Florida Fair Housing Acts.

34.    Plaintiff's medical conditions substantially limit him in the performance of major life activities such as walking distances of more than one hundred yards at one time, maintaining his balance while standing, putting on or taking off clothing, getting in and out of automobiles with a low "center of gravity" (or "low profile"), getting in or out of bed, or having intimate physical relationships, as well as in performing tasks that require concentration.

35.    Between 2014 and 2019, Defendant, via its agents, officers and employees, permitted Plaintiff to park his vehicle, a 2006 Ford F-150 pick-up truck bearing registration number 1FTPW12V86KD94629, in a

visitor's spot in the condominium complex parking lot for the condominium in which Plaintiff resided with his parents. Also prior to the events described below, Plaintiff had Defendant's, as well as his brother's and parents', permission to reside in the subject condominium, based on his being "grandfathered in" as a resident.

36. During and throughout his tenancy, Plaintiff furnished Defendant (via it officers and agents) a number of disability statements so he could continue to park his pick-up truck in a visitor's spot. As an example, please see the April 21, 2017 letter from the United States Department of Veterans Affairs to Plaintiff, a copy of which is attached as **Plaintiff's Exhibit "1"** (and which Plaintiff incorporates herein by reference)

37. However, on November 6, 2019, one "Anne M. Hathorn," an attorney representing Defendant, sent "Matthew and Heidi Blais" a letter advising them that Plaintiff's truck did not meet Defendant's "Parking Rules and Regulations" in that allegedly "[t]he spare wheel [did] not match the other 3 wheels...[there was] a dent on the front fender...[and t]here [were] numerous items in the truck cargo bed." The letter also demands that Matthew and Heidi Blais "remedy these violations" (as well as other

violations alleged in the letter) and threatens "action in Circuit Court and/or arbitration" and towing Plaintiff's pick-up truck if they did not "cure" specific listed violations. A copy of the November 6, 2019 lettter is attached as **Plaintiff's Exhibit "2"** and its contents are incorporated herein by reference.

38.   On or about November 23, 2019 Defendant, via one or more of its officers or agents, had Plaintiff's pick-up truck towed from the parking lot of the condominium complex where Plaintiff had habitually parked it.

39.  On or about December 20, 2019, one of the physicians who treats Plaintiff's various disabling conditions, Robert D. Smeed, Jr., DO, wrote a letter in which he stated that, due to Plaintiff's disabling conditions, it was "clinically recommended for him to be able to park his vehicle near his home.   Walking long distances can lead to an exacerbation of his underlying conditions. Please consider my clinical opinion in granting him privileges to park his vehicle within reasonable walking distance to his home considering his disability."  A copy Dr. Smeed's December 20, 2019 letter is

attached as **Plaintiff's Exhibit "3"** and its contents are incorporated herein by reference.

40.     On or about December 27, 2019, John Murden, on behalf of Plaintiff, wrote a letter to Arthur and Penelope Blais in which he acknowledged Plaintiff as an "occupant" of Unit 806 and "granted" Plaintiff the right to continue to park his pick-up truck "in space 49, as assigned to unit 806," in order to accommodate Plaintiff's disabilities.   A copy of this letter is attached as **Plaintiffs' Exhibit "4"** and its contents are incorporated herein by reference.

41.     However, on or about January 2, 2020, Ann M. Hathorn, evidently acting on behalf of Defendant, delivered a letter to "Matthew and Heidi Blais" alleging various violations by Plaintiff of Defendant's "Amended and Restated Declaration of Condominium."  The letter indicates that Defendant had Plaintiff's pick-up towed from the condominium complex's parking lot—ostensibly due to "uncorrected violations"—and demands that they "immediately remove Mr. Blais from the condominium unit due to his harassing, threatening, inappropriate and nuisance behavior towards Board Members."  The letter indicates that if they have "failed to do

so by January 17, 2019 [sic]," Defendant's Board would "proceed with all remedies available to" Defendant, "up to and including an action in Circuit Court and/or arbitration, to force [emphasis added] you to permanently remove" Plaintiff from his residence. Plaintiff's best copy of this letter is attached as **Plaintiff's Exhibit "5"** and its contents are incorporated herein by reference. Although not part of **Plaintiff's Exhibit "5,"** upon information and belief, Matthew S. Blais received other correspondence from one of Defendant's agents threatening certain "fines" if he did not immediately act to "remove" Plaintiff.

42. On or about January 15, 2020, Plaintiff filed a "Housing Discrimination Complaint" against Defendant with the Pinellas County Office of Human Rights, claiming violations of the "Chapter 70 of the Pinellas County Code, as amended, and the Fair Housing Act," based on Defendant's refusal to accommodate Plaintiff's disabilities. A copy of the "Housing Discrimination Complaint" is attached as **Plaintiff's Exhibit "6"** and its contents are incorporated herein by reference.

43. Faced with the prospect of Defendant "forcing" him to "permanently remove" Plaintiff, Matthew S. Blais reluctantly hired an

attorney and filed an "Unlawful Detainer" action against Plaintiff (Pinellas County Civil Case Number 20-000503-CO-39) on January 19, 2020.  Final Judgment for possession of the dwelling against Plaintiff was entered on or about February 3, 2020; a Writ of Possession was issued against Plaintiff on or about February 5, 2020 and was returned "executed" on or about February 11, 2020.

44.   On or about April 14, 2020, the Pinellas County Office of Human Rights issued a "Determination," concluding that there was "reasonable cause" to believe that Defendant "may have violated Article II, Division 3 of Chapter 70 of the Code of Ordinances of Pinellas County, Florida [Pinellas County's version of the federal and state Fair Housing Acts]" based on Plaintiff's allegations.  A copy of this "Determination" is attached as **Plaintiff's Exhibit "7"** and its contents are incorporated herein by reference.

45.   Even though, subsequent to February 11, 2020, Plaintiff began residing at a motel at 800 - 34th Street North, St. Petersburg, Defendant, via one of its attorneys, insisted that Matthew S. Blais, Penelope Blais and Arthur Blais,  each sign an "Agreement for Permanent Removal of

Unapproved Occupant," in which each of them reportedly agreed to "permanently prevent [Plaintiff] from entering onto [Defendant's] property and into [the condominium owned by Matthew S. Blais and in which Penelope Blais and Arthur Blais reside]" and by which, <u>inter alia</u>, Defendant apparently reserved the "right" to permanently remove Penelope and Arthur Blais, the elderly parents of Matthew S. Blais and of Plaintiff, if Defendant deemed Matthew S. Blais or Penelope Blais or Arthur Blais to have subsequently violated its terms.   Copies of the purported "Agreement for Permanent Removal of Unapproved Occupant" signed by Matthew S. Blais, and by Penelope Blais and Arthur Blais, are attached as **Plaintiff's Composite Exhibit "8"** and their contents are incorporated herein by reference.

46.   Matthew S. Blais, Penelope Blais and Arthur Blais signed the "Agreement for Permanent Removal of Unapproved Occupant" only after one of Defendant's attorneys delivered notices to Matthew S. Blais in which the attorney threatened to take action to permanently remove Plaintiff's and Matthew S. Blais' elderly and infirm parents, Penelope Blais and Arthur Blais, from the dwelling if Matthew S. Blais, Penelope Blais and

Arthur Blais did not sign the aforedescribed "Agreement... ."  Copies of the

October 8, 2020 and October 12, 2020 letters from "Anne M. Hathorn, Esq."

to Matthew S. Blais are attached as **Plaintiff's Composite Exhibit "9"** and

their contents are incorporated herein by reference.

## V.  CLAIMS FOR RELIEF

**COUNT  I — PLAINTIFF'S CLAIM FOR MONETARY RELIEF AGAINST DEFENDANT FOR DISCRIMINATION BASED ON FAILURE TO REASONABLY ACCOMMODATE HANDICAP**

47.    Plaintiff hereby incorporates by reference his allegations

contained in  ¶ 1 through ¶ 46 above.

48.    Defendant had an affirmative duty, obligation and

responsibility to establish, maintain and implement policies to comply with

the provisions of the U.S. and Florida Fair Housing Acts.

49.    Defendant violated 42 U.S.C. §3604(f) and §760.23(2),

Fla. Stat. by, inter alia, having Plaintiff's automobile towed on more than

one occasion, by requiring Plaintiff's brother, Matthew S. Blais, to file an

"unlawful detainer" action in Pinellas County Court to dispossess Plaintiff of

his residential premises and by forcing Matthew S. Blais, Penelope Blais and

Arthur Blais to sign "Agreement[s] For Permanent Removal of Unapproved Occupant [Plaintiff]."

50.    Taking discriminatory actions against a resident with who is a member of a protected class is a violation of the Federal and Florida Fair Housing Acts.

51.    Within the meaning of 42 U.S.C. § 3613(c)(1) and §760.35, Fla. Stat., Plaintiff has incurred compensatory damages because of Defendant's aforedescribed unlawful acts and/or failure and/or refusal to act.

52.    To the extent that Defendant's violations of 42 U.S.C. § 3604(f) and §760.23, Fla. Stat. were willful and wanton or in reckless disregard of the consequences, Plaintiff is entitled to punitive damages from Defendant pursuant to 42 U.S.C. § 3613(c)(1) and §760.35, Fla. Stat.

53.    Should Plaintiff be the prevailing party in this action, Plaintiff will be entitled to an award of the costs of this action and to an award of a reasonable attorney's fee from Defendant pursuant to 42 U.S.C. § 3613(c)(2) and §760.35, Fla. Stat.

**WHEREFORE,** Plaintiff respectfully prays that this Court will:

A.   Find that Defendant has violated 42 U.S.C. § 3604(f) and §760.23(2), Fla. Stat. by, inter alia, having Plaintiff's automobile towed on more than one occasion, by requiring Plaintiff's brother to file an "unlawful detainer" action against Plaintiff, and by forcing Plaintiff's brother and Plaintiff's parents to sign "Agreement[s] For Permanent Removal of Unapproved Occupant [Plaintiff]";

B.   Award to Plaintiff such actual and punitive damages from Defendant as he shall prove under 42 U.S.C. § 3613(c)(1) and §760.35, Fla. Stat.;

C.   Award to Plaintiff from Defendant the costs of this action, including a reasonable attorney's fee pursuant to 42 U.S.C. § 3613(c)(2) and §760.35, Fla. Stat.;

D.   Grant such other and further relief from Defendant to Plaintiff as may be just and equitable under the circumstances.

**COUNT II — PLAINTIFF'S CLAIM FOR MONETARY RELIEF AGAINST DEFENDANT FOR INTERFERENCE/INTIMIDATION/COERCION**

54.     Plaintiff hereby incorporates by reference his allegations contained in ¶ 1 through ¶ 46 above.

55.     Defendant had an affirmative duty, obligation and responsibility to establish, maintain and implement policies to comply with the provisions of the U.S. and Florida Fair Housing Acts.

56.     Defendant violated 42 U.S.C. §3617 and §760.37, Fla. Stat. by, inter alia (as more fully explained in Paragraphs 31 through 46 hereinabove), coercing, intimidating, threatening, or interfering with Plaintiff based on upon his filing of a Fair Housing Act claim against Defendant and by exercising other rights granted him under the Florida and federal Fair Housing Acts (as more fully explained hereinabove).

57.     Within the meaning of 42 U.S.C. § 3613(c)(1) and §760.35, Fla. Stat., Plaintiff has incurred compensatory damages because of Defendant's unlawful acts.

58.     To the extent that Defendant's violations of 42 U.S.C. § 3617 and §760.37, Fla. Stat. were willful and wanton or in reckless disregard of the consequences, Plaintiff is entitled to punitive damages from Defendant pursuant to 42 U.S.C. § 3613(c)(1) and §760.35, Fla. Stat.

59.     Should Plaintiff be the prevailing party in this action, Plaintiff will be entitled to an award of the costs of this action and to an award of a reasonable attorney's fee from Defendant pursuant to 42 U.S.C. § 3613(c)(2) and §760.35, Fla. Stat.

**WHEREFORE,** Plaintiff respectfully prays that this Court will:

A.     Find that Defendant has violated 42 U.S.C. § 3617 and §760.37, Fla. Stat. by coercing, intimidating, threatening or interfering with Plaintiff on account of his having exercised his rights granted or protected by the federal and Florida Fair Housing Acts;

B.     Award to Plaintiff from said Defendant such actual and punitive damages as he shall prove under 42 U.S.C. § 3613(c)(1) and §760.35, Fla. Stat.;

C.     Award to Plaintiff from Defendant the costs of this action, including a reasonable attorney's fee pursuant to 42 U.S.C. § 3613(c)(2) and §760.35, Fla. Stat.;

D.     Grant such other and further relief from Defendant to Plaintiff as may be just and equitable under the circumstances.

**-- Page 26 of 30 --**

## COUNT III – CLAIM FOR INJUNCTIVE RELIEF BY
## PLAINTIFF AGAINST DEFENDANT

60.  Plaintiff incorporates by reference his allegations contained in ¶ 1 through ¶46 above by reference.

61.  This is a claim for declaratory and injunctive relief by Plaintiff against Defendant pursuant to 42 U.S.C.§ 3604(f) and §760.23(2), Fla. Stat. as well as 28 U.S.C. §§2201 and 2202 and Chapters 60 and 86 of the Florida Statutes.

62.  Jurisdiction is conferred on this Court by 28 U.S.C. §1331 in that this is a "federal question" litigation comprising a civil action arising out of the laws of the United States; and jurisdiction is also conferred by 42 U.S.C. §3613.

63.  In unlawfully towing Plaintiff's automobile on more than one occasion, and by dispossessing Plaintiff from the condominium he had lawfully resided in until on or about February 11, 2020 (by requiring Plaintiff's brother to file an "unlawful detainer" action in Pinellas county court) and by continuing to prohibit Plaintiff from returning to the condominium in which he had resided since 2014 (by forcing Matthew S.

Blais, Penelope Blais and Arthur Blais sign "Agreement[s] For Permanent Removal of Unapproved Occupant"), Defendant had unlawfully failed or refused to accommodate Plaintiff's disabilities and has violated 42 U.S.C. § 3604(f) and § 760.23(2), Fla. Stat.

64. Within the meaning of 42 U.S.C. § 3613(c)(1), Plaintiff is entitled to an injunction requiring Defendant to cease from towing Plaintiff's aforedescribed automobile from the parking lot of Defendant's condominium complex, and an injunction requiring Defendant to allow Plaintiff to return to reside in the condominium owned by his brother Matthew Blais and in which his parents, Penelope and Arthur Blais, currently reside.

65. Prior to the filing of this Complaint, a good faith effort to resolve this issue proved unsuccessful.

66. There is no completely adequate remedy at law that would provide Plaintiff the relief he is entitled to and which would avoid the irreparable harm said Plaintiff is currently suffering.

67. Upon prevailing herein, Plaintiff will be entitled to an

award of costs of this action and to an award of a reasonable attorney's fee pursuant to 42 U.S.C. § 3613(c)(2).

**WHEREFORE**, Plaintiff prays that this Court will:

A.   Declare that Defendants have violated 42 U.S.C. § 3604(f) and § 760.23(2), Fla. Stat. in having his automobile towed and in refusing to allow him to resume residency in the condominium located at 5130 Brittany Drive South #806, St. Petersburg, Pinellas County, Florida;

B.   Enjoin said Defendants, pursuant to 42 U.S.C. § 3613(c)(1) to forthwith desist from allowing Plaintiff to return to reside in the condominium located at 5130 Brittany Drive South #806, St. Petersburg, Pinellas County, Florida and to forthwith cease from towing Plaintiff's aforedescribed automobile from the parking area of the condominium complex;

C.   Grant such other and further relief to said Plaintiff as may be just and equitable under the circumstances;

D.   Award to said Plaintiff the costs of this action, including a reasonable attorney's fee pursuant to 42 U.S.C. § 3613(c)(2).

## DEMAND FOR A JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38,  Plaintiff  demands

trial by jury on all issues so triable as a matter of law.

Respectfully Submitted,

BAY AREA LEGAL SERVICES, INC.
By:    *James J. Moss*
        **James J. Moss, Esq.**
        **4948 Central Avenue**
        **St. Petersburg, FL 33707**
        **727-490-4040  ext 104**
        **FAX 727-201-4331**
        **Florida Bar #821421**
        **e-mail: jmoss@bals.org**
        **(secondary:mmckinnon@bals.org)**
        **TRIAL COUNSEL for Plaintiff**